# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2115-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

H.G.,[1]

     Defendant-Appellant.

_____

Submitted March 17, 2022 – Decided March 25, 2022

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Salem County, Indictment No. 16-04-0198.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the briefs).

Kristin J. Telsey, Acting Salem County Prosecutor, attorney for respondent (David M. Galemba, Special Deputy Attorney General/ Acting Assistant Prosecutor, of counsel and on the brief).

---

[1] We use initials to protect the privacy of the victim. R. 1:38-3(c)(9).

PER CURIAM

Defendant H.G. appeals from a July 21, 2020 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Defendant was indicted on: first-degree aggravated sexual assault, act of penetration upon a child less than thirteen years old, N.J.S.A. 2C:14-2(a) (count one); third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a) (count two); and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (count three). The charges stemmed from an incident reported by the victim's mother to police, recounting the victim confided in her that defendant had touched her on two separate occasions. Specifically, the child told her mother defendant isolated her in a bedroom and attempted to remove her clothing and put his hands down the front of her skirt, under her underwear, and touched her vagina. In another incident, the child stated defendant held her down on a bed, pulled up her shirt, and sucked on her left breast. Police recorded an interview with the child, and she described the incidents in greater detail.

The trial court granted the State's motion, opposed by defendant, to admit fresh complaint and tender years testimony and denied defendant's motion to bar admission of the victim's pre-trial statement at trial. Thereafter, defendant pled guilty to count three. In exchange for the plea, the State recommended a

2

sentence of fines and assessments, Megan's Law,[2] parole supervision for life, and no jail time or probation. At the plea hearing, the court questioned defendant regarding knowledge of his rights, voluntary execution of the plea forms, and his satisfaction with counsel's representation—all of which he acknowledged. The court reviewed the State's sentencing recommendation with defendant, which he also acknowledged. He advised the court he had no questions, after which his attorney elicited the factual basis for the plea. Defendant was later sentenced in accordance with the negotiated plea agreement.

Defendant did not appeal from his conviction or move to withdraw the plea but instead filed a PCR petition nearly two years after sentencing. He certified he was innocent and the plea was entered in error. He claimed ineffective assistance of counsel, alleging his attorney ignored his claims of innocence and coerced him to plead guilty. He argued the State made an initial plea offer of five years of probation without having to register as a sex offender but withdrew the offer and instead proposed the "horrible plea deal that [he] entered into."

---

[2] N.J.S.A. 2C:7-1 to -23.

Defendant certified there was no evidence supporting his guilt except the victim's testimony, which he alleged was coached by police. He asserted the victim's mother fabricated the accusation when he rebuffed her offer to pay him to marry her to obtain a legal immigration status. He argued these cumulative errors violated his constitutional right to effective counsel.

Judge Sandra Lopez issued a twenty-two page written decision, detailing her reasons for denying defendant's petition. She found that "[d]espite his allegations . . . [d]efendant does not allege specific facts . . . about actions plea counsel did or did not take that forced or coerced [d]efendant to take the plea deal offered by the State." She noted defendant "does not assert that he made plea counsel aware of his actual innocence in the course of plea counsel's representation." The judge found "[d]efendant's allegation that the victim was coached is patently unsupported." Given the trial court's decision denying defendant's pre-trial motion and finding the victim's pre-trial statement admissible, she concluded "[t]he record thus shows that the victim would have been permitted to testify at trial." The judge also found defendant failed to "provide any information about the alleged prior plea deal that lapsed or any

4

actions plea counsel did or did not take that caused said lapse." She concluded defendant "failed to satisfy the first prong of the Strickland[3] test."

Judge Lopez found defendant failed to meet the second Strickland prong because he did not demonstrate he was prejudiced by defense counsel's performance. She stated:

> Defendant did not assert in his petition that, but for plea counsel's alleged coercion and forcing him to enter a plea, he would have insisted on going to trial. See [State v. DiFrisco, 137 N.J. 434, 457 (1994)]. Defendant faced one first-degree and two third-degree charges. . . . Under the terms of the plea he accepted, the State dropped [c]ounts [one] and [two]. The recommended sentence in the plea deal . . . had no period of incarceration or probation. By accepting this plea, [d]efendant avoided a far harsher sentence incidental to the first degree and two third-degree sexual offenses with which he was charged. Defendant thus avoided what could effectively be a life sentence if convicted by a jury.

The judge concluded "rejecting the plea bargain would not have been rational under these circumstances."

Furthermore, defendant was not prejudiced by his counsel's failure to accept the alleged prior plea offer because his petition was "silent on whether there is any probability that []either the prosecutor []or the trial court would

---

[3] Strickland v. Washington, 466 U.S. 668, 687 (1984).

have prevented the offer from being accepted or implemented. [Missouri v. Frye, 566 U.S. 134, 148 (2012)]." She also rejected defendant's cumulative error argument, finding he "failed to allege specific facts that indicate that any alleged errors by plea counsel, standing alone or in combination with others, caused [d]efendant prejudice sufficient to warrant a remand and trial."

The judge found although defendant asserted he was innocent, he did not establish he was entitled to withdraw his plea pursuant to the Slater[4] factors. She noted he did not challenge the plea at any time prior to filing the PCR petition and gave no reason why he waited nearly two years after sentencing to raise the claim. The plea was the result of a negotiated agreement and the State would be prejudiced if the court permitted it to be withdrawn because of the pre-trial motion practice it engaged in. Furthermore, "[t]he passage of time would hamper the State's ability to present its case, which is solely based on witness testimony on an event that occurred nearly five years ago." The judge found "[i]t would also be unfair to force the victim, a minor child, to relive her experience when she and her family reasonably relied on the finality of [d]efendant's conviction so they could move on with their lives."

Defendant raises the following arguments on appeal:

---

[4] State v. Slater, 198 N.J. 145, 157-58 (2009).

I.  THE PCR COURT IMPROPERLY DENIED DEFENDANT'S CLAIM THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF HIS PLEA COUNSEL WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST-CONVICTION RELIEF.

B. DEFENDANT ESTABLISHED A PRIMA FACIE CLAIM FOR POST-CONVICTION RELIEF, ENTITLING HIM TO AN EVIDENTIARY HEARING.

A PCR court need not grant an evidentiary hearing unless "a defendant has presented a prima facie [case] in support of post-conviction relief." State v. Marshall, 148 N.J. 89, 158 (1997) (alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)).  "To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits."  Ibid.

A defendant seeking to set aside a guilty plea claiming ineffective assistance of counsel must show:  "(i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'"  State v. Nuñez-

Valdéz, 200 N.J. 129, 139 (2009) (alterations in original) (quoting DiFrisco, 137 N.J. at 457).  Counsel's performance is evaluated with extreme deference, "requiring 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .'"  State v. Fritz, 105 N.J. 42, 52 (1987) (quoting Strickland, 466 U.S. at 688-89).

The PCR court has discretion to determine whether an evidentiary hearing is necessary to aid in its analysis.  Marshall, 148 N.J. at 157-58.  Where the PCR court has not held an evidentiary hearing, our review is de novo.  State v. Harris, 181 N.J. 391, 421 (2004).

Having thoroughly reviewed the record pursuant to these principles, we affirm for the reasons set forth in Judge Lopez's thorough and well-written opinion.  The record does not establish a prima facie showing of ineffective assistance of counsel to grant an evidentiary hearing or post-conviction relief.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2115-20